■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT BROWN, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated January 16, 1970, which denied the application after a hearing. Order affirmed. Defendant was convicted in 1962 of robbery in the third degree after a nonjury trial. He had been twice previously convicted. He was sentenced to 5 to 10 years in prison, but execution of sentence was suspended. He now seeks to be resentenced upon the 1962 conviction, claiming he had not been aware or made aware of his right to appeal. The reason for his present application is that the 1962 conviction served as the basis for multiple offender treatment imposed in 1966 upon a subsequent conviction. The Hearing Judge found defendant's present claim to be incredible and we see no reason to disturb that finding. As defendant testified, he was completely satisfied, and rightly so, with the sentence imposed in 1962. He claimed to have protested his innocence in the period between the verdict and the imposition of sentence, but his protests vanished thereafter. In view of the sentence, which probably was completely unexpected, we are satisfied, as the Hearing Judge found, that defendant's failure to appeal was not due to ignorance, but to a decision to forego any appellate review which might upset his good fortune. We see nothing in *People* v. *Lynn* (28 N Y 2d 196) which mandates that a waiver of the right to appeal can be inferred by the courts only in cases where the conviction is based upon a guilty plea. Munder, Acting P. J., Latham and Benjamin, JJ., concur. Shapiro, J., dissents and votes to reverse the order and grant defendant's application, with the following memorandum, in which Christ, J., concurs: Defendant seeks to be resentenced upon his 1962 conviction of the crime of robbery in the third degree. His conviction followed a nonjury trial. He was sentenced to a term of 5 to 10 years, execution of which was suspended. That conviction served as a predicate for the multiple offender treatment accorded defendant upon a subsequent conviction in 1966. At the time of his

1962 conviction defendant had twice previously been convicted of crimes. Each of those convictions was upon his plea of guilty and neither was appealed. The uncontradicted evidence adduced at the hearing held by the Criminal Term established that defendant had not, in 1962, been advised of his right to appeal, that he had not been aware of that right, that he had vigorously protested his innocence to everyone with whom he came in contact both before and after the conviction and that, while incarcerated for three months before being sentenced, he always contended he was completely innocent. The Criminal Term denied the application upon a finding that defendant would probably not have appealed had he been aware of his right, in view of the favorable sentence meted out to him. Such a finding is entirely unsupported by the record. Defendant, by proceeding to trial, placed the question of his guilt in issue. Under such circumstances his inaction after the subsequent imposition of a suspended sentence cannot be taken as acquiescence in the finding of guilt; nor may it serve as an inference that defendant would not have appealed had he been aware of his right to do so. This situation differs from a case in which a guilty plea may be taken as indicative of an intention not to litigate the question of guilt and which necessarily involves the surrender of certain constitutional rights, for, as the court said in *People* v. *Lynn* (28 N Y 2d 196, 202): "by trial, the defendant bespeaks his intention to litigate any number of legal issues. While in the plea situation the defendant tacitly indicates that no further judicial inquiry is required, the converse applies upon a trial where it is reasonable to assume that the defendant, fully apprised of his rights, would be eager to procure appellate review of the issues relating to his guilt." Instead of assuming "that the defendant, fully apprised of his rights, would be eager to procure appellate review of the issues relating to his guilt" (*People* v. *Lynn, supra,* p. 202), the Criminal Term assumed just the opposite. Under these circumstances defendant is entitled to be resentenced in order to afford him his fundamental right of appeal (*People* v. *Montgomery,* 24 N Y 2d 130).